PER CURIAM.
Ricky Lee Shriver appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Shri-ver makes twelve claims. Of these claims, we find that only Shriver’s claim of ineffective assistance of counsel has merit. An evidentiary hearing is needed on that claim upon which we are compelled to remand. We affirm the remainder of the trial court’s order without discussion.
Shriver was charged with burglary and sexual battery on a victim less than twelve years of age. Prior to closing argument, a judgment of acquittal on the sexual battery charge was entered. However, during closing argument, the prosecutor repeatedly emphasized a statement from a witness that Shriver “raped” the alleged victim. Shriver argues that he received ineffective assistance of counsel due to his counsel’s failure to object, or to request a mistrial, based upon this statement being made.
We find these comments sufficiently prejudicial to state a facial claim for relief. See Straight v. State, 397 So.2d 903, 908 (Fla.1981) (holding that the implication of a defendant in other crimes is presumptively prejudicial because of “the danger that a jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged”). The record attachments to the trial court’s order rejecting this claim do not conclusively rebut Shriver’s allegation. Therefore, an evidentiary hearing is required. See Gaskin v. State, 737 So.2d 509, 516 (Fla.1999) (holding that “[wjhile the postconviction defendant has the burden of pleading a sufficient factual basis for relief, an eviden-tiary hearing is presumed necessary absent a conclusive demonstration that the defendant is entitled to no relief’).
Accordingly, we reverse the trial court’s order on this claim alone, and remand for an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
GREEN, A.C.J., and SALCINES and STRINGER, JJ., Concur.